## Mt. Bethany Gun Club v. King

C.P. of Centre County, no. 2008-0998.

*Jeffrey W. Stover,* for plaintiff.
*Brian K. Marshall,* for defendants.

RUEST, *J.,* December 14, 2009—Before the court is a motion for summary judgment filed by defendants on September 16, 2009. A hearing on the motion was held on October 29, 2009. Plaintiff and defendants submitted

briefs. The court determines defendants' motion for summary judgment is denied.

## BACKGROUND

This matter arises out of a dispute between adjoining landowners. Plaintiff and defendants own adjoining properties located in Miles Township, Centre County, Pennsylvania. Plaintiff acquired its parcel via deed dated November 25, 1975. Defendants King and Auman obtained their parcels via deeds dated May 14, 2002 and September 25, 2002, respectively. Defendant McWilliams acquired his parcel after his mother, Doris K. McWilliams passed away. Mrs. McWilliams and her husband, Paul E. McWilliams, acquired the property via deed dated April 8 1957.

The parcels in defendants' names descend from a larger tract of land known as "Hampton." A warrant for "Hampton" was granted to Andrew Moore on April 30, 1790. The 'Hampton" warrant was unexecuted until 1804 when the land was surveyed by James Harris then the deputy surveyor. The "Hampton" survey was returned to the land office by the executors of the estate of Andrew Moore on August 28, 1810. Patents for the "Hampton" parcel were issued to the executors on August 31, 1810.

The parcels in plaintiff's name descend from a tract of land called "Plymouth," a warrant for which was granted to John Tripp on September 10, 1794. "Plymouth" is part of a block of surveys performed between 1790 and 1795 by Frederick Evans, who was the deputy

surveyor at the time. The "Plymouth" survey was returned to the land office on September 30, 1795. Patents for the "Plymouth" parcel were issued on October 30, 1795.

The survey of defendants' properties occurred after the Plymouth surveys and overlaps plaintiff's land by approximately 120 acres. Defendants' parcels were patented in 1810. Plaintiff's parcel was patented in 1795. The overlapping land is mountainous and covered in forest. At the time plaintiff purchased its parcel, defendant McWilliams' predecessor in title, Paul McWilliams, met with members of the plaintiff Mount Bethany Gun Club and advised them where the common boundary line existed between the plaintiff's property and Mr. McWilliams property. Based on this discussion, plaintiff hired a surveyor who blazed a line of trees demarking the plaintiff's southern boundary. Plaintiff treated this line as its southern boundary until presented with a survey performed on behalf of defendant Auman that showed the southern boundary line lying farther to the north. Plaintiff then hired Delbert Meeker and Associates to perform a survey. Based upon the results of that survey, plaintiff now maintains that the actual location of the southern boundary is contrary to that represented to plaintiff by Mr Paul McWilliams.

## PROCEDURAL HISTORY

Plaintiff initiated this lawsuit by filing a complaint on or about March 6, 2008. A motion was filed to amend the caption, and an amended complaint was filed on April

2, 2008. Defendants filed their answer, new matter, and counterclaim on December 19, 2008. Plaintiff filed its response to defendants' new matter and counterclaim on February 20, 2009. Defendants served plaintiff with interrogatories and request for production of documents on June 12, 2009, to which plaintiff timely responded. Defendants filed their motion for summary judgment and supporting brief on September 16, 2009. Plaintiff filed its brief in opposition to defendants' motion for summary judgment on October 23, 2009.

## DISCUSSION

In Pennsylvania, motions for summary judgment are governed by the well-established standard set forth below:

"Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroversial allegations in the pleadings, depositions, answers to interrogatories, admissions of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the

moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Barnish v. KWI Building Co.,* 916 A.2d 642, 645 (Pa. Super. 2007).

Rule 1035.2 of the Pennsylvania Rules of Civil Procedure provides that where the non-moving party bears the burden of proof, that party must present facts sufficient to establish a prima facie case. Pa.R.C.P. 1035.2(2). Mere issues of fact are insufficient to defeat the motion. The non-moving party must produce admissible evidence to controvert the motion. *Id.*

Defendants argue that plaintiff has admitted that it established the line of trees bearing white paint markings and treated it as its southern boundary line for a period in excess of 21 years. A determination of consentable line by acquiescence requires a finding that each party has claimed the land on its side of the line as its own, and that it has occupied the land on its side of the line for a continuous period of 21 years. *Moore v. Moore,* 921 A.2d 1, 5 (Pa. Super 2007). Plaintiff specifically denies this allegation in its response to defendants' interrogatories and in its answer.

Plaintiff argues defendants' motion for summary judgment should be denied because a genuine issue of material fact exists. Plaintiff maintains it was a predecessor to one of the defendants, Paul McWilliams, who represented to some of plaintiff's members that the trees in question were on the common boundary line between the properties. Plaintiff argues Paul McWilliams made

misrepresentations to plaintiff and that their original surveyor blazed trees based on this erroneous information.

The court notes that parties "may be bound if, merely having doubt as to the correct boundary location, they enter into a compromise, a 'consentable line' is not created 'if the parties, from misapprehension, adjust their fences, and exercise acts of ownership, in conformity with a line which turns out not to be the true boundary; or permission be ignorantly given to place a fence on the land of the party . . . .'" *Inn Le 'Daerda Inc. v. Davis,* 241 Pa. Super. 150, 162, 360 A.2d 209, 215 (1976); *quoting Perkins v. Gay,* 3 Serg. & Rawle 327, 331 (1817).

The parties dispute the origin of the painted line alleged by defendants to be the consentable line between the properties. A consentable line cannot be established as a result of mistake, misrepresentation, or misapprehension. Taking all factual allegations as true, and resolving all reasonable inferences in favor of the plaintiff, the court determines there is a genuine issue of material fact as to whether a consentable line exists. Accordingly, defendants' motion for summary judgment is denied.

Accordingly, the following is entered:

## ORDER

And now, December 14, 2009, upon consideration of defendants' motion for summary judgment, defendants' motion is denied.